WILLIAM R. TAMAYO - #084965 (CA)
JONATHAN T. PECK - #12303 (VA)
MARCIA L. MITCHELL - #18122 (WA)
EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
San Francisco District Office
901 Market Street, Suite 500
San Francisco, CA 94103
Telephone No. (415) 356-5122
Fax No. (415) 356-5046

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>THE CUSTOMER COMPANY d.b.a. CIGARETTES CHEAPER!<br><br>Defendant. | CIVIL ACTION NO. C-02-2501 CW<br><br>COMPLAINT<br>Civil Rights-<br>Employment Discrimination<br><br>JURY TRIAL DEMAND |

NATURE OF THE ACTION

This is an action under Title I of the Americans with Disabilities Act of 1990 (“the ADA”) and the Civil Rights Act of 1991 to correct unlawful employment practices that violate the statutes, to permanently enjoin Defendant from further violations of those statutes and to provide appropriate relief to Wynelle Mendonca who was adversely affected by such practices. The Commission alleges that the application process of Defendant, The Customer Company d.b.a. Cigarettes Cheaper!, violated the Americans with Disabilities Act through impermissible pre-employment medical inquiries and commingling of medical records. The Commission also alleges that Defendant terminated the employment of Ms. Mendonca based on her responses to its impermissible medical questions or, alternatively, because Ms. Mendonca had a record of a disability.

JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 107(a) of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12117(a), which incorporates by reference Sections 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. 2000e-5(f)(1) and (3) and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. §1981a.

2. The employment practices alleged to be unlawful were and are now being committed within Contra Costa County which is within the jurisdiction of the United States District Court for the Northern District of California.

INTRADISTRICT ASSIGNMENT

3. This action is appropriate for assignment to the Oakland Division because the unlawful employment practices alleged were and are being committed, among other places, at Cigarettes Cheaper's corporate headquarters within the City of Benicia, CA.

PARTIES

4. Plaintiff, the Equal Employment Opportunity Commission ("EEOC"), is the agency of the United States of America charged with the administration, interpretation, and enforcement of the ADA and is expressly authorized to bring this action by Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference 706(f)(1) and (3) of Title VII..

5. At all relevant times, Defendant, The Customer Company d.b.a. Cigarettes Cheaper! ("Cigarettes Cheaper!" or "Defendant Employer"), has been a California corporation continuously doing business in the State of California and including, but not limited to the city of Benicia, California and continuously has had at least fifteen employees.

6. At all relevant times, Defendant Employer has been a covered entity under Section 101(2) of the ADA, 42 U.S.C. § 12111(2).

7. At all relevant times, Defendant Employer has continuously been an employer engaged in an industry affecting commerce under Section 101(5) of the ADA, 42 U.S.C. §12111(5), and Section 101(7) of the ADA, 42 U.S.C. §12111(7), which incorporates by reference Sections 701(g) and (h) of Title VII, 42 U.S.C. §2000e(g) and (h).

STATEMENT OF CLAIMS

8. More than thirty days prior to the institution of this lawsuit, Wynelle Mendonca filed a charge of discrimination with the EEOC alleging violations of the ADA at the Cigarettes Cheapers!. All conditions precedent to the institution of this lawsuit have been fulfilled.

9. Since at least November 1999, Defendant Cigarettes Cheaper! has engaged in unlawful practices at its corporate headquarters in Benicia, CA and at its stores in Modesto and Tracy California in violation of sections 102(a), (b) and (d) of the Americans with Disabilities Act, 42 U.S.C. §12112(a), (b) and (d). These practices include discharging Ms. Mendonca based on her record of a disability, using qualification standards, employment or other selection criteria that screen out or tend to screen out an individual with a disability and making pre-employment inquiries of job applicants as to whether the applicant is an individual with a disability or as to the nature or severity of the applicant's disabilities. These practices resulted in the termination of Ms. Mendonca's employment.

10. The effect of the practices complained of in paragraph 9, above, has been to deprive Ms. Mendonca of equal employment opportunities and otherwise to adversely affect her status as an employee on the basis of her record of a disability and her responses to impermissible pre-employment inquiries.

12. The unlawful employment practices complained of above were and are intentional.

13. The unlawful employment practices complained of above were and are done with malice and/or reckless indifference to the federally protected rights of Ms. Mendonca.

PRAYER FOR RELIEF

WHEREFORE, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant Employer its officers, successors, assigns, and all persons in active concert or participation with them, from using qualification standards, employment tests or other selection criteria that screen out or tend to screen out an individual with a disability or engaging in any other employment practice which discriminates on the basis of disability.

B. Order Defendant Employer to institute and carry out policies, practices, and programs which provide equal employment opportunities for disabled individuals and which eradicate the effects of its past and present unlawful employment practices.

C. Order Defendant Employer to make whole Ms. Mendonca by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to, reinstatement and/or front pay.

D. Order Defendant Employer to make whole Ms. Mendonca by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described above, including medical expenses, with interest, in amounts to be determined at trial.

E. Order Defendant Employer to make whole Ms. Mendonca by providing compensation for past and future non-pecuniary losses caused by the above unlawful conduct, including pain and suffering, emotional distress, indignity, loss of enjoyment of life, loss of self-esteem, and humiliation, in amounts to be determined at trial.

F. Order Defendant Employer to pay Ms. Mendonca punitive damages for its malicious and reckless conduct described above, in amounts to be determined at trial.

G. Grant such further relief as the Court deems proper.

H. Award the Commission its costs in this action.

///

///

///

///

///

///

///

///

///

JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

Respectfully submitted,

NICOLAS INZEO
Acting Deputy General Counsel

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
1801 L Street, N.W.
Washington, DC 20507

DATED: ____________________

____________________
WILLIAM R. TAMAYO
Regional Attorney

DATED: ____________________

____________________
JONATHAN T. PECK
Supervisory Trial Attorney

DATED: ____________________

____________________
MARCIA L. MITCHELL
Senior Trial Attorney